# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| JESSE GUARDIOLA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:19-cv-2287 |
| F. ENTZEL, | ) ) ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner Jesse Guardiola's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). At the Court's direction, the Government filed a Response (Doc. 2) and Petitioner has filed a Reply (Doc. 7). The matter is therefore ripe for review. For the reasons stated herein, the Petition is DENIED.

### BACKGROUND

A lengthy background is unnecessary. In October 2016 Petitioner pled guilty to five counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court held the word "knowingly" in § 922(g) applies to the status making it unlawful to possess a firearm, in addition to knowledge that the object possessed was a firearm. It appears uncontested that Petitioner was not told he needed to know he had been convicted of a felony or asked about such knowledge in colloquy—at the time, the *scienter* requirement was not understood to apply to knowledge of one's status. Petitioner

therefore filed the instant petition arguing he ought not remain imprisoned pursuant to his plea.

## LEGAL STANDARD

A legal labyrinth confronts prisoners held pursuant to a federal sentence seeking relief through 28 U.S.C. § 2241. A person may only challenge a federal conviction or sentence under § 2241 if 28 U.S.C. § 2255(e), the "savings clause," allows. *Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc). Section 2255(e) permits recourse through § 2241 only where the motion provided under § 2255 is "inadequate or ineffective to test the legality" of the challenged detention. § 2255(e); *Webster*, 784 F.3d at 1135. The Seventh Circuit has held § 2255 is inadequate or ineffective where:

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

The claim must also not be procedurally defaulted, which is to say it must have been raised on direct review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). If a claim has been procedurally defaulted, a petitioner may only raise it upon a showing of either cause and prejudice or actual innocence. *Id.* Only if a claim meets all these requirements may a court consider a petition on the merits.

Finally, Petitioner is proceeding *pro se*. *Pro se* filings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The Government argues as an initial matter Petitioner cannot utilize § 2241 because he never filed a § 2255 petition and thus is not barred by § 2255(h)(2). This issue is far from open and shut, as the Government suggests.

The Seventh Circuit's precedent on § 2255(e) springs from *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). As the Seventh Circuit explained, one of the petitioners in that case "could not use a first motion under [§ 2255] to obtain relief on a basis not yet established by law. He could not use a second or other successive motion to obtain that relief because the basis on which he seeks relief is neither newly discovered evidence nor a new rule of constitutional law." *Id.* at 610. There is no doubt that issues with § 2255(h)(2), according to the Seventh Circuit, form a structural inadequacy with § 2255 sufficient to allow a § 2241 petition.

However, there may be a similar structural issue with § 2255(f). That section sets a one-year statute of limitations for filing § 2255 motions, which runs from the date on which: (1) the judgment becomes final, § 2255(f)(1); (2) an impediment created by the United States is removed, § 2255(f)(2); (3) the Supreme Court decides a new rule of constitutional law (which must also be made retroactive), § 2255(f)(3); or (4) evidence supporting a claim could have been discovered with reasonable diligence, § 2255(f)(4). Subsection (f)(3) parallels subsection (h)(2) and similarly fails to take into account the potential for a new statutory interpretation case. Both subsections cut off

3

federal prisoners' access to habeas relief where their claim is statutory while allowing similarly situated constitutional claims. So a petitioner might be unable to bring a § 2255 motion within the statute of limitations because the law on which he seeks to rely does not yet exist but not be able to bring a later one because the statute has run and the claim relies on a new case of statutory interpretation.

At least one Seventh Circuit judge construed at least one Seventh Circuit panel as recognizing the similarity between (f)(3) and (h)(2) and allowing a § 2241 petition where a § 2255 petition would not have been allowed under § 2255(f). *Brown v. Caraway*, 719 F.3d 583, 596 (7th Cir. 2013) (Easterbrook, C.J., statement concerning circulation under Circuit Rule 40(e)) ("Relying on [*Davenport*], the panel concludes that a § 2255 motion is 'ineffective' when the prisoner relies on a non-constitutional decision rendered after the statute of limitations in § 2255(f) expired."). The Seventh Circuit's opinion was not quite as clear as the statement on this point—frankly, the Court is uncertain whether the Seventh Circuit has conclusively decided this issue.

The Court also has some serious reservations about not allowing recourse through § 2241 in these circumstances under the current Seventh Circuit § 2241 precedent. Chief among them is the horribly skewed incentive structure; a prisoner who filed an utterly frivolous and incomprehensible § 2255 within a year of conviction would be able to file a § 2241 while a similarly situated litigant who forbore straining the judicial system in recognition of the meritless nature of his claims would effectively be penalized for having done so. However, Petitioner, proceeding *pro se*, does not adequately address this issue in his Reply, the Government has not provided

4

citations for its argument that § 2255(e) will not admit of a potential structural error with § 2255(f), and the Court's unaided research is no match for the proper functioning of the adversary system. The Court is loath to answer a tricky doctrinal question on such sparse argumentation.

The Court will therefore turn to the *Davenport* test and assume, for the sake of argument, the lack of a renewed statute of limitations following a new statutory Supreme Court decision presents the sort of structural problem which could allow a prisoner to turn to § 2241.

The Court finds Petitioner has failed to demonstrate a miscarriage of justice; his petition must accordingly be denied. In his Reply, Petitioner concedes he knew he was a felon, but argues he believed his rights were restored so he did not know he was forbidden to possess firearms. (Doc. 7 at 14). The Western District of Wisconsin recently encountered a materially indistinguishable case and concluded:

> The government did not need to prove that petitioner specifically knew that he was legally prohibited from possessing a firearm. Rather, as applied to this case, *Rehaif* required the government to prove that petitioner knew that he was a felon at the time he possessed a firearm. Assuming that the government failed to put in evidence sufficient to prove that petitioner knew he was a felon, any error was harmless. Petitioner does not deny that he knew he had been convicted of a felony at the time he possessed a firearm. He states that he stipulated at trial that he was a felon, and court records from his criminal case show that he had been convicted of at least five prior felonies, including three for violent robberies. . . . In light of his extensive criminal history, petitioner has provided no basis to conclude that a reasonable juror could have inferred that he was somehow unaware that he had been convicted of one or more felonies when he possessed the firearm. Therefore, the government's failure to prove this element of the offense was harmless, and did not amount to a miscarriage of justice. Accordingly, petitioner has not shown that he is entitled to relief under § 2241.

5

*Benson v. Marske*, No. 19-CV-644-BBC, 2019 WL 6683508, at *2 (W.D. Wis. Dec. 6, 2019). This Court agrees. The only argument that might exist utilizing *Rehaif* through § 2241 is that a person was unaware of his or her status, but this Petitioner clearly was and concedes that point. His argument must therefore fail.

## CONCLUSION

Petitioner Jesse Guardiola's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is DENIED and this matter is TERMINATED.

SO ORDERED.

Entered this 7th day of January 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
